

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

GEORGE KOHR,

    Debtor.
_____/

UNIVERSAL FOAM,

    Plaintiff,
vs.

GEORGE KOHR,

    Defendant.
_____/

Case No. 6:07-bk-04081-ABB
Chapter 7

Adv. Pro. No. 6:07-ap-00186-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint (Doc. No. 1) filed by Universal Foam, the Plaintiff herein ("Plaintiff"), against George Kohr, the Debtor and Defendant herein ("Debtor"), seeking to have a debt deemed nondischargeable pursuant to 11 U.S.C. Section 523(a)(4). A final evidentiary hearing was held on August 14, 2008 at which counsel for the Plaintiff and the Debtor, *pro se*, appeared. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Debtor was employed by the Plaintiff prepetition as its President and was a forty-five percent shareholder. The Plaintiff asserts it holds a claim of $29,000.00 against the Debtor arising from a Florida State Court civil proceeding and such claim is nondischargeable. The Plaintiff presented copies of the docket contents for the Debtor's

main case and this adversary proceeding, and various State Court documents. The Court takes judicial notice of these documents. The Plaintiff presented no other evidence.

The Plaintiff instituted a civil action against the Debtor in the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida captioned <u>Universal Foam, Inc. v. George D. (Dan) Kohr</u>, Case No. 04CA6213, Division 37. The Plaintiff's six-count complaint alleged the Debtor: (i) breached his fiduciary duty to the Plaintiff; (ii) committed fraud; (iii) tortiously interfered with Plaintiff's business relationships; (iv) converted assets; (v) was unjustly enriched; and (vi) committed civil theft.[1]

The parties engaged in mediation and entered into a Mediation Agreement, which was executed by the Plaintiff, the Debtor, the parties' respective counsel, and the mediator. The Mediation Agreement required the Debtor to: (i) to relinquish his stock to the Plaintiff; (ii) not solicit the Plaintiff's customers or compete with the Plaintiff's business; (iii) turnover customer lists; (iv) provide affidavits regarding his and his wife's financial standing; and (v) pay the Plaintiff $63,000.00 in installments.[2]

The State Court entered an Order on February 10, 2006 dismissing the State Court proceeding and retaining jurisdiction to enforce the Mediation Agreement.[3] The Debtor made partial payment to the Plaintiff pursuant to the Mediation Agreement, leaving an unpaid balance of approximately $29,000.00. The Plaintiff sought a summary judgment award for the Debtor's breach of the Mediation Agreement.[4]

The Debtor filed this bankruptcy case on August 31, 2007 thereby staying the State Court summary judgment proceeding. No final adjudication of the Plaintiff's

---

[1] Plaintiff's Exh. No. 1.
[2] Plaintiff's Exh. No. 14.
[3] <u>Id.</u>
[4] <u>Id.</u>

complaint was rendered by the State Court. The Mediation Agreement contains no provision whereby the Debtor admitted the allegations of the State Court complaint. It contains no findings as to the Debtor being a fiduciary or committing a defalcation, embezzlement, or larceny. The February 10, 2006 State Court Order contains no findings of fact or conclusions of law.

A party asserting the nondischargeability of a debt must establish the requisite nondischargeability elements by a preponderance of the evidence. The Plaintiff, to prevail on its Section 523(a)(4) Complaint, has the burden of establishing by a preponderance of the evidence the Debtor was acting in a fiduciary capacity and the debt arose from fraud or defalcation committed by the Debtor while in such capacity.

The Plaintiff has not presented any evidence substantiating the allegations of its Complaint. It has not established the Debtor was a fiduciary or committed any wrongful acts as a fiduciary. No determinations of fiduciary capacity and wrongful conduct were made in the State Court proceeding. The Plaintiff has not established the debt at issue is nondischargeable. The Debt is due to be discharged.

## CONCLUSIONS OF LAW

The Court, pursuant to Federal Rule of Evidence 201(b), takes judicial notice of the docket contents of the Debtor's main case and this adversary proceeding, and the State Court documents from the State Court litigation presented by the Plaintiff.

The Plaintiff challenges the dischargeability of the $29,000.00 debt arising from the Mediation Agreement pursuant to 11 U.S.C. Section 524(a)(4), which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1128(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4) (2007). The Plaintiff has the burden of establishing an exception to discharge by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991).

The Plaintiff, to prevail in a Section 523(a)(4) nondischargeability action, must establish by a preponderance of the evidence: (i) the Debtor was acting in a fiduciary capacity; and (ii) while acting in a fiduciary capacity, he committed fraud or defalcation. In re Goodwin, 355 B.R. 337, 343 (Bankr. M.D. Fla. 2006). The fiduciary relationship must exist at the time the act creating the debt was committed. Guerra v. Fernandez-Rocha (In re Fernandez-Rocha), 451 F.3d 813, 817 (11th Cir. 2006).

State statutory law may control whether a fiduciary relationship existed. In re Valdes, 98 B.R. 78, 80 (Bankr. M.D. Fla. 1989). The Plaintiff has presented no basis for its allegation the Debtor was a fiduciary.

The term "defalcation" as applicable to Section 523(a)(4) actions has not been precisely defined, but the Eleventh Circuit Court of Appeals has held "'[d]efalcation' refers to a failure to produce funds entrusted to a fiduciary." Quaif v. Johnson, 4 F.3d 950, 955 (11th Cir. 1993); *see also* In re Fernandez-Rocha, 451 F.3d at 817 (adopting and applying the Quaif definition of "defalcation."). A "'defalcation' for purposes of [Section 523(a)(4)] does not have to rise to the level of 'fraud,' 'embezzlement,' or even 'misappropriation.'" Quaif, 4 F.3d at 955 (adopting Judge Learned Hand's description of "defalcation."). "[D]efalcation is a more encompassing term than fraud and does not

require intent as is the case with proving fraud." In re Valdes, 98 B.R. 78, 80 (Bankr. M.D. Fla. 1989).

The Plaintiff, as its sole evidence, presented the bankruptcy case dockets and State Court documents. None of these items establish the requisite elements of Section 523(a)(4).

The Plaintiff has not explicitly asserted the State Court documents are entitled to preclusive effect, but appears to rely on them as if they establish nondischargeability of the debt. All elements required for the nondischargeability of the debt pursuant to 11 U.S.C. Section 523(a)(4) must have been established in the State Court litigation for collateral estoppel to apply. Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush), 62 F.3d 1319, 1322 (11th Cir. 1995).

Four elements must be present for collateral estoppel to apply in a dischargeability proceeding: (i) the issue in the prior action and the issue in the bankruptcy action are identical; (ii) the bankruptcy issue was actually litigated in the prior action; (iii) the determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and (iv) the burden of proof in the dischargeability proceeding must not be significantly heavier than the burden of proof in the initial action. Bush, 62 F.3d at 1322.

The elements of Section 523(a)(4) were not actually litigated and determined in the State Court proceeding. The State Court documents have no preclusive effect.

The Plaintiff has not provided any evidence to substantiate the allegations of its Complaint. It has not established the Debtor was a fiduciary and the debt arose through the Debtor's defalcation, embezzlement, or larceny while acting as a fiduciary. The

Plaintiff has not established the debt is nondischargeable pursuant to 11 U.S.C. Section 523(a)(4). The debt is dischargeable.

A separate judgment in favor of the Debtor and against the Plaintiff consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 27th day of August, 2008.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge